**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

In re:

JOSEPH ARTHUR ROSSI AND
JESSICA ARIEL ROSSI,                             BANKRUPTCY
                                                 CASE NO.: 6:18-bk-06504-CCJ

Debtors.
_____/

**MOTION OF ARVIND MAHENDRU, AS CHAPTER 7 TRUSTEE OF THE
ESTATE OF JOSEPH A. ROSSI AND JESSICA A. ROSSI, TO APPROVE
COMPROMISE AND SETTLEMENT OF CONTROVERSY OF
<u>ADVERSARY PROCEEDING 6:19-AP-00226-CCJ</u>**

---

**NOTICE OF OPPORTUNITY TO
<u>OBJECT AND REQUEST FOR HEARING</u>**

Pursuant to Local Rule 2002-4, the Court will consider the relief requested in this paper without further notice or hearing unless a party in interest files a response within 21 days from the date set forth on the attached proof of service, plus an additional three days for service if any party was served by U.S. Mail.  You should read these papers carefully and discuss them with your attorney if you have one. If the paper is an objection to your claim in this bankruptcy case, your claim may be reduced, modified, or eliminated.

If you object to the relief requested in this paper, you must file a response with the Clerk of the Court at 400 W. Washington St., Suite 5100, Orlando, FL 32801, and serve a copy on the movant's attorney, Centrone & Shrader, PLLC, 612 W. Bay Street, Tampa, FL 33606, and any other appropriate persons within the time allowed.  If you file and serve a response within the time permitted, the Court will either schedule and notify you of a hearing or consider the response and grant or deny the relief requested without a hearing.

If you do not file a response within the time permitted, the Court will consider that you do not oppose the relief requested in the paper, will proceed to consider the paper without further notice or hearing, and may grant the relief requested.

Plaintiff Arvind Mahendru ("Trustee"), as Chapter 7 Trustee of the bankruptcy estate of Joseph A. Rossi and Jessica A. Rossi ("Debtors"), by and through the undersigned law firm, pursuant to Federal Rule of Bankruptcy Procedure 9019, hereby moves this Honorable Court to approve compromise and settlement of the controversies between Trustee and Defendant ADT, LLC, d/b/a ADT Security Services ("Defendant") in Adversary Proceeding 6:19-ap-00226-CCJ, and moves for an Order directing that service of any Order granting this motion be limited to the debtors, debtor's attorney (if applicable), the Trustee, other parties to the proposed transaction, and objecting party, if any, and in support of the relief requested states:

1. On October 19, 2018, Debtors filed a petition for relief under Chapter 7 of Title 11, of the United States Code and Trustee was appointed by this Court. This Chapter 7 is currently pending before this Court.

2. On June 12, 2019, Trustee filed a Complaint commencing Adversary Proceeding No. 6:19-ap-00226-CCJ, in the United States Bankruptcy Court for the Middle District of Florida (the "Adversary Proceeding"), against the Defendant.

3. In this matter, the trustee brought claims pursuant to the FCCPA seeking an award of statutory damages, which are limited to $1,000.00 for the FCCPA claim. The Defendant in this adversary has denied the allegations of the adversary complaint. This matter has settled on a basis consistent with statutory damages provided for by applicable statutes, in this case for $4,000.00, while taking into account the risks and benefits of continued litigation.

4. The complex issues to be resolved in the Adversary Proceeding create uncertainty as to the outcome at the trial on the merits. Further, based on the expense, inconvenience and delay associated with continued litigation, it is fair and equitable and in the Trustee's and Defendant's best interests to settle these matters without a trial.

5. Therefore, Trustee and Defendant have agreed to compromise and settle all disputes between them as to the matters alleged in the Adversary Proceeding or otherwise existing. The Settlement Agreement is available for inspection at the offices of counsel for Trustee, Centrone & Shrader, PLLC, and copies may be obtained by written request.

## THE SETTLEMENT AGREEMENT

6. Trustee requests that this Court approve the Compromise and Settlement set forth in the Settlement Agreement.

7. The principle terms of the Settlement Agreement are that Defendant shall pay to Trustee the total sum of $4,000.00 paid in one installment (the "Settlement Funds"). As provided for by Fla. Stat § 559.77(2), attorneys' fees will be paid from the Settlement Funds with $2,400.00 going to the estate and $1,600.00 for attorneys' fees and costs. Approval of the Court will first be obtained.

8. Pursuant to the Order authorizing employment of special counsel, Applicant's compensation was to be (i) fees and cost awarded as a prevailing party in the adversary proceeding or agreed to as part of a settlement; and, (ii) forty percent (40%) of any actual damages (either awarded by the court or agreed to by the parties) and/or other tangible economic benefit to the bankruptcy estate.

9. With payment of the Settlement Funds by Defendant made as provided in the Settlement Agreement, the Adversary Proceedings will be dismissed with prejudice as to the Defendant, Trustee and Defendant will exchange general releases, and each party will agree to pay their own attorneys' fees and costs, with the exception of Plaintiff's fees paid by Defendant from the Settlement Funds set forth above, as required by statute and set forth below.

10. The parties have agreed to an immediate disbursement of the settlement proceeds to the Bankruptcy Estate and for attorney's fees and costs upon the entry of a Court order approving the terms of the settlement.

## **ATTORNEY'S FEES & COSTS**

11. <u>Factors to be Considered in Awarding Fees.</u>  Section 330 of the Bankruptcy Code provides that the Court may award a professional employed under section 327 or 328 (A) a reasonable compensation for actual, necessary services rendered by the … professional person, or attorney and by any paraprofessional person employed by any such person; and (B) reimbursement for actual, necessary expenses.  This Motion addresses the factors set forth in *In re Bilgutay*, 108 B.R. 333 (Bankr. M.D. Fla. 1989), and *In re First Colonial Corp. of America*, 544 F.2d 1291 (5th Cir. 1977), cert. Denied, 431 U.S. 904 (1977), pursuant to the Guidelines for Fee Applications promulgated by the United States Trustee's Office for the Middle District of Florida.

12. <u>Experience, Reputation and Ability of Counsel and the Results Obtained.</u>  The primary attorneys on this case were Gus Centrone and Brian Shrader.  Gus Centrone earned his law degree from Washington & Lee University College of Law.  Prior to joining the Firm, Mr. Centrone was employed by Lash & Wilcox, PL, and was an associate at John F. Lauro, P.A.  Previously a prosecutor for the State of Florida, Brian Shrader then became a senior trial attorney at a consumer protection law firm before co-founding Centrone & Shrader.  Gus Centrone and Brian Shrader have litigated hundreds of consumer protection complaints similar to the instant matter.

13. <u>Results Obtained.</u>  The Firm assisted the Trustee in discharging his statutory duties by investigating and litigating a consumer protection claim against ADT, LLC, d/b/a ADT Security Services for violation of consumer protection statutes.

14. <u>Customary Fee.</u>  The rates charged by the Firm are within the range for professionals of similar skill and reputation within the Middle District of Florida.

15. <u>Whether the Fee is Fixed or Contingent.</u>  The fees requested are contingent insofar as they are subject to this Court's approval prior to being paid and to the extent the Trustee has funds sufficient to pay the fees and costs.  At the time of engagement, it is the Firm's understanding that the Estate did not have any liquid assets.

16. <u>Undesirability of the Case.</u>  This case was desirable except to the extent that there were insufficient funds to cover the fees and costs to be provided.

17. <u>Awards in Similar Cases.</u>  The time records shown on composite Exhibit "A" provide the Court and other creditors with a detailed description of the activities of counsel in this case.  The Firm believes the fees and costs requested are consistent with the practice in other cases.

18. <u>Applicable Legal Standards.</u>  The applicable legal standards herein, as set forth in 11 U.S.C. § 327, are based on the time, nature, extent, and value of the Firm's services as well as the cost of comparable services other than in a case under Title 11 and reimbursement for actual necessary expenses incurred.  Furthermore, the Court has jurisdiction to award a quantum merit fee in favor of the Trustee and his professionals.

19. Attached as Exhibit A are the time sheets from Applicant setting forth a description of all work done on the Adversary Proceeding.  As is clear from Exhibit A, Applicant incurred reasonable attorneys' fees in litigating this matter and shall receive forty percent (40%) of

the total recovery as agreed to by the parties. (Doc. 23, pp. 3). The Firm seeks compensation in the amount of $1,600.00 for the time spent during the Application Period for the matters detailed and listed in Exhibit "A" in order to maximize the benefit to the estate. Time increments are reported in tenths of an hour, with one-tenth (.1) equaling six minutes. All of the services for which the Firm seeks compensation were performed for and on behalf of the Estate and not on behalf of any other person or entity.

20. The Settlement Agreement is contingent on approval by this Court.

WHEREFORE, Trustee respectfully requests that this Court enter an Order: (i) granting the Motion in its entirety as to Trustee and Defendant, and finding that Trustee provided good and sufficient notice of the Motion; (ii) finding that the Settlement Agreement is fair and equitable and in the best interest of Trustee and the creditor; (iii) approving the Settlement Agreement in all respects; (iv) authorizing Trustee to enter into the Settlement Agreement in order to, among other things, compromise and settle the claims and controversies as outlined herein and in accordance with the specific terms and conditions of the Settlement Agreement as to Defendant; (v) directing the immediate disbursement and current payment of the approved settlement proceeds to the Estate and Centrone & Shrader, PLLC from the Settlement Funds; and (vi) granting such other and further relief as this Court deems necessary or appropriate.

Dated: October 8, 2019

Respectfully submitted,

**CENTRONE & SHRADER, PLLC**
612 W. Bay Street
Tampa, FL 33606
Phone: (813) 360-1529
Fax:  (813) 336-0832

/s/ Brian L. Shrader_____
**BRIAN L. SHRADER, ESQ.**
Florida Bar No.  57251
e-mail: bshrader@centroneshrader.com
**Attorney for Trustee**

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was served on October 8, 2019 by CM/ECF after the docketing of the pleading if the recipient is a registered CM/ECF user or by United States Mail, or Certified United States Mail if the entity is an insured depository institution, on the attached mailing matrix.

___/s/ Brian L. Shrader_____
Attorney

# EXHIBIT A



# INVOICE

TO:
Rossi (Ma) v. ADT

FROM:
Centrone & Shrader, PLLC
612 W. Bay Street
Tampa, FL 33606

INVOICE NUMBER: 1057
INVOICE DATE: OCTOBER 08, 2019

PAYMENT TERMS: DUE ON RECEIPT

Please remit to: Centrone & Shrader 612 W. Bay St, Tampa, FL 33606

| DATE | TIMEKEEPER | DESCRIPTION | HOURS | RATE | AMOUNT |
|---|---|---|---|---|---|
| DEC-11-18 | Alex Mendez | Called and spoke with Debtor. Completed intake. Drafted summary of intake for review. | 1.00 | $135.00 | $135.00 |
| JAN-03-19 | Alex Mendez | Called and left voicemail for Debtor re. intake. | 0.10 | $135.00 | $13.50 |
| FEB-18-19 | Gus Centrone | Modify and expand application to employ, declaration of propose counsel, draft complaint | 0.60 | $375.00 | $225.00 |
| APR-22-19 | Gus Centrone | Modify and expand declaration of special counsel, proposed orders | 0.30 | $375.00 | $112.50 |
| APR-25-19 | Gus Centrone | Review intake, Legal analysis | 0.30 | $375.00 | $112.50 |
| JUN-03-19 | Alex Mendez | Reviewed 341 recording. | 0.20 | $135.00 | $27.00 |
| JUN-03-19 | Alex Mendez | Drafted complaint. | 0.60 | $135.00 | $81.00 |
| JUN-04-19 | Gus Centrone | Review intake, Modify and expand complaint | 0.50 | $375.00 | $187.50 |
| JUN-11-19 | Alex Mendez | Drafted and filed proof of service. | 0.20 | $135.00 | $27.00 |
| JUN-11-19 | Brian Shrader | Reviewed proof of service. | 0.20 | $375.00 | $75.00 |
| JUN-14-19 | Alex Mendez | Drafted summons executed. | 0.20 | $135.00 | $27.00 |
| JUN-14-19 | Brian Shrader | Reviewed and signed summons executed. | 0.20 | $375.00 | $75.00 |
| JUN-17-19 | Alex Mendez | Finalized and filed summons executed. | 0.20 | $135.00 | $27.00 |
| JUN-27-19 | Brian Shrader | Correspond with OC | 0.20 | $375.00 | $75.00 |
| JUL-01-19 | Brian Shrader | Correspond with OC | 0.20 | $375.00 | $75.00 |
| JUL-16-19 | Brian Shrader | Reviewed settlement agreement | 0.30 | $375.00 | $112.50 |
| JUL-16-19 | Kellie O'Connell | Drafted Settlement Agreement | 0.40 | $135.00 | $54.00 |
| JUL-16-19 | Kellie O'Connell | Sent settlement agreement to opposing counsel for review | 0.10 | $135.00 | $13.50 |
| SEP-03-19 | Kellie O'Connell | Correspondence with client | 0.10 | $135.00 | $13.50 |
| SEP-04-19 | Kellie O'Connell | Correspondence with oc | 0.10 | $135.00 | $13.50 |
| SEP-12-19 | Brian Shrader | Prepare for and attend PTC | 0.40 | $375.00 | $150.00 |

INVOICE NUMBER: 1057

| DATE | TIMEKEEPER | DESCRIPTION | HOURS | RATE | AMOUNT |
|---|---|---|---|---|---|
| SEP-25-19 | Kellie O'Connell | Drafted Motion to Approve Compromise and proposed order | 0.40 | $135.00 | $54.00 |
| SEP-30-19 | Brian Shrader | Modify and expand motion to approve compromise and proposed order granting | 0.60 | $375.00 | $225.00 |
| | | Total hours for this invoice | 7.40 | | |
| | | Total amount of this invoice | | | $1,911.00 |